**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARLO ANTHONY AYALA,**

      **Plaintiff,**

v.                                                                      Case No.  8:08-cv-36-T-30TBM

**PREMIER HOME LENDING, INC.;**
**GREG TODD,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which the court construes as a motion to proceed *in forma pauperis.*  Upon review of the affidavit, the court is unable to determine whether Plaintiff possesses the resources necessary to pay the filing fee for this action.  However, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success,"

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Plaintiff initiated this action by filing a four-count Action for Perjury, Deceptive Business Practices Against a Disabled Adult (Doc. 1), which appears to relate to a mortgage transaction. The pleading raises incoherent complaints of disability discrimination and fraud in connection with the transaction, and it lacks any factual allegations that would support such claims. Even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

For these reasons, I recommend that the court DISMISS the Complaint (Doc. 1) and DENY without prejudice Plaintiff's application to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within

twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

>Respectfully submitted on this
>17th day of January 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, Jr., United States District Judge
Pro se Plaintiff