**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARLO ANTHONY AYALA,**

    **Plaintiff,**

v.                                                             Case No.  8:08-cv-36-T-30TBM

**PREMIER HOME LENDING, INC.**
**and GREG TODD,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Premier Home Lending, Inc.'s Motion to Dismiss (Dkt. 9). As Plaintiff has failed to timely respond to the Motion, the Court has considered the Motion without the benefit of a response. Upon review and consideration, the Court determines the Motion should be granted.

Upon recommendation by United States Magistrate Judge Thomas B McCoun III, the Court dismissed Plaintiff's initial *pro se* Complaint without prejudice for failure to state a cause of action or allege any factual allegations in support of his claims. With leave of Court, Plaintiff has filed an Amended Complaint. Defendant now moves for dismissal of the Complaint for lack of subject matter jurisdiction.

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged

a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Id.* at 1529. "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

In the instant case, Defendant has asserted a facial attack, arguing Plaintiff has failed to sufficiently allege a basis for subject matter jurisdiction. A federal district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1446, 1469 (11th Cir. 1997).

In the Amended Complaint, Plaintiff claims to belong to "a class of persons whom ADA, FHA protects from unlawful housing discrimination because Mental and Physical disability." *See* Plaintiff's Amended Complaint (Dkt. 7). He then sets forth his allegations in three Counts. In Counts 1 and 2, Plaintiff alleges violations of Florida law. In Count 3, Plaintiff alleges Defendants committed "[c]onspiracy, dishonest dealing, misrepresentation and unlawful mortgage transaction," and that officers of a title company and bank filed false reports with an intent to defraud. As a result, Plaintiff seeks "reparations" for the alleged violations.

While the introductory paragraph of Plaintiff's Complaint makes reference to the Americans with Disabilities Act (the "ADA") and the Fair Housing Act ("FHA"), the specific Counts allege violations of Florida law. While Plaintiff claims to be protected by

the ADA and the FHA, he fails to allege how Defendants violated the ADA, the FHA, or any other federal law.  Moreover, Plaintiff has failed to allege the Court has jurisdiction under any specific statutory grant, federal question jurisdiction pursuant to 28 U.S.C. § 1331, or diversity jurisdiction pursuant 28 U.S.C. § 1332(a).  Accordingly, his Complaint must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Premier Home Lending, Inc.'s Motion to Dismiss (Dkt. 9) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice**.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-36.mtd.frm